UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY EARL MURPHY, SR,

    Petitioner,

v.                                                     Case No. 3:24cv418-TKW-HTC

STATE OF FLORIDA,

    Respondent.

_____/

ORDER and REPORT AND RECOMMENDATION

Petitioner Gregory Earl Murphy, Sr., proceeding *pro se*, filed an amended petition under 28 U.S.C. § 2254, seeking review of his conviction and sentence in Volusia County circuit court case number 2006 CF 33971, Doc. 6, and a motion to proceed *in forma pauperis*. Doc. 7. Upon consideration, the motion to proceed *in forma pauperis* will be GRANTED, but the undersigned finds the petition should be DISMISSED without an evidentiary hearing as an unauthorized successive petition.

I.     DISCUSSION

Murphy's amended petition is mostly nonsensical and incoherent. For example, as grounds for relief, Murphy states "do not know of for sure," and then lists as ground one – "perjury in a capital felony murder prosecution," and identifies as supporting facts "I can not get a fair substantive trial in Volusia county. They've placed me into harm before on purpose. With family member." Doc. 6 at 8-9.

Regardless, the amended petition is an unauthorized successive petition because Murphy previously filed two federal petitions challenging the same Volusia County conviction.[1]  First, in *Murphy v. Secretary, Department of Corrections Et Al (Volusia County)*, 6:18-cv-01824 (M.D. Fla.), the Court dismissed the petition with prejudice as untimely.  Doc. 16 in 6:18-cv-01824 (Feb. 10, 2020).  Second, in *Murphy v. State of Florida*, 3:23-cv-04232-RV-MAF (N.D. Fla.), Murphy challenged the same conviction, and the Court dismissed the petition as an unauthorized second petition.  Docs. 4 & 5 in 3:23-cv-04232 (March 24, 2023).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before filing a second or successive § 2254 petition in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Absent authorization from the Eleventh Circuit, a second petition is subject to dismissal as an improper or successive petition.  Indeed, a district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court.  *See Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain a second habeas

---

[1] Although the Court could transfer this action to the Middle District of Florida, the district which encompasses the circuit court of conviction, 28 U.S.C. § 2241(d), because Murphy is incarcerated at Blackwater River Correctional Facility, a facility in this District and because the petition is an unauthorized success petition, the undersigned finds dismissing this action, rather than transferring it, benefits judicial economy.

Case No. 3:24cv418-TKW-HTC

petition because prisoner failed to obtain an order from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Murphy, however, does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. Murphy's failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this Court's consideration of the merits of the petition. See 28 U.S.C. § 2244(b)(3)(A); *Fugate*, 310 F.3d at 1288.

## II. CONCLUSION

Because Murphy's petition challenges the same judgment at issue in Murphy's 2018 petition, which was denied as time-barred, this petition is second or successive, and, because there is no indication Murphy sought authorization from the Eleventh Circuit before filing this successive petition, the petition should be dismissed *sua sponte*. See *Gipson v. Sec'y, Dep't of Corr.*, 784 F. App'x 683, 683-84 (11th Cir. 2019). A court does not err by *sua sponte* dismissing a § 2254 petition so long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. See *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an

opportunity to respond") (quotation marks omitted). This Report and Recommendation provides Murphy an opportunity to file objections and, thus, affords him both notice and a reasonable opportunity to respond. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue").

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, whether the petition is successive does not turn on any contested factual issue. Therefore, an evidentiary hearing would not assist in determining whether Murphy is entitled to relief and is not warranted.

Also, the court should not rule on a certificate of appealability ("COA") because a COA is unnecessary when dismissing a case as successive. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) ("Although generally appeals from § 2254 proceedings require a certificate of appealability ('COA'), no COA is necessary to appeal the dismissal for lack of subject matter

jurisdiction of a successive habeas petition because such orders are not 'a final order in a habeas corpus proceeding.'") (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)).

Accordingly, it is ORDERED:

1. The Motion to Proceed *in forma pauperis*, Doc. 7, is GRANTED, and Murphy may proceed without paying the filing fee.

Additionally, it is respectfully RECOMMENDED:

1. That the amended petition, Doc. 6, be DISMISSED for lack of jurisdiction because the petition is an unauthorized successive petition.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 25th day of October, 2024.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:24cv418-TKW-HTC